# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALFONSO MASON,<br><br>        Plaintiff,<br><br>    vs.<br><br>REPUBLIC SERVICES, INC.; ALLIED WASTE; HANK VASQUEZ; AND DIANE LARA,<br><br>        Defendants. | Case No.: 2:10-cv-01212-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Quash Service or in the Alternative to Dismiss–#13) |

Before the Court is Defendants Republic Services, Inc. ("Republic") and Henry "Hank" Vasquez' **Motion to Quash Service or in the Alternative to Dismiss** (#13), filed November 23, 2010. The Court has also considered Plaintiff Alfonso Mason's Opposition (#14), filed December 13, 2010, and Defendants' Reply (#15), filed December 20, 2010.

### BACKGROUND

This dispute arises from Mason's allegation that Republic had a discriminatory motive for not rehiring him. All facts are as alleged by Mason unless otherwise stated. Mason worked for Republic, or a Republic subsidiary, as a sanitation truck driver between 1997 and 1999. Mason resigned in the summer of 1999 after he was arrested while on vacation. Mason then reapplied to work for Republic in the summer of 2008. Mason's application was rejected, however, because of Republic's "no rehire" policy. Mason argues that Republic has rehired other people belonging to a non-protected class despite the no rehire policy. He alleges that the true reason he was not rehired was because he is African American.

1    Mason filed a motion seeking leave to proceed in *forma pauperis* with this Court on
2 July 21, 2010. (Dkt. #1.) Magistrate Judge Robert J. Johnston held a hearing and granted Mason's
3 motion on September 28. (Dkt. #6, Hr'g mins.) The complaint was then filed on September 29.
4 (Dkt. #7.) Mason then tried to effectuate service of process using the United States Marshals
5 Service. He directed the Marshals to serve process on Republic and Vasquez, a Republic
6 employee, at 770 West Sahara Avenue, Suite 400, Las Vegas, NV 89104. (Dkt. ##11–12.)
7 Defendants have shown that this is a Republic office. The Marshals apparently went to this
8 address and served Ms. Aida Peper, a Republic human resources employee, with the documents
9 for both defendants. Defendants bring this motion arguing that service was improper. For the
10 reasons set forth below, the Court grants Defendants' motion.

11                                    **DISCUSSION**

12    Mason's attempted service of process on Republic and Vasquez was insufficient as
13 it did not comply with the requirements of Federal Rules of Civil Procedure 4(e) or (h). Federal
14 courts do not have jurisdiction over defendants unless those defendants have been properly served
15 pursuant to Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685,
16 688 (9th Cir. 1988). Therefore, improper service must be quashed.

17    Rule 4 provides various methods for service of process. Rule 4(e) governs service
18 of process upon individuals and allows for service to be effectuated by following state law service
19 requirements, delivering service on the person, leaving the documents at the "individual's dwelling
20 or usual place of abode with someone of suitable age and discretion who resides there," or by
21 serving an authorized agent of the defendant. None of these options were followed. Instead
22 service was attempted at Vasquez' place of work upon a coworker who was not authorized to
23 receive service on his behalf. (Dkt. #12, Form USM–285; Dkt. #13, Mot. Ex. A, Peper Decl. ¶ 2.)
24 The Court finds that this is insufficient as a matter of law and therefore quashes the purported
25 service against Vasquez.
26 /

Rule 4(h) governs service of process on corporations such as Republic. Rule 4(h) provides that such service may be made in accord with state law or by serving "an officer, a managing or general agent, or any other agent authorized" to receive process. The Nevada Rules of Civil Procedure provide that resident corporations or foreign corporations registered to do business in Nevada may be served by serving the corporation's registered agent. Nev. R. Civ. P. 4(d)(1). Mason did not follow these rules. Instead he merely had the Marshals deliver service at a Republic office where it was delivered to a human resources employee, Ms. Peper. (Dkt. #11, Form USM–285.) Peper is not an officer, managing or general agent, the registered agent, or otherwise authorized to receive service for the company. (Dkt. #13, Mot. Ex. A, Peper Decl. ¶ 2.) Nor has Mason shown that Peper is sufficiently high within the company ranks that she should be deemed equivalent to one of these positions. *See Direct Mail Specialists*, 840 F.2d at 688–689 (finding service on a receptionist sufficient where the company had few employees and the receptionist was the only person in the entire office when the process server arrived demonstrating that she had substantial corporate responsibility). In other words, service delivered on Peper was not effective against the corporation where Mason has not shown that she had special authority and there is no other reason to believe that she did. Because service was not properly effectuated against either of these parties, the Court grants the Motion and quashes service. However, because Mason may still remedy service the Court does not dismiss the Defendants.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Quash (#13) is GRANTED.

Dated: January 25, 2011.

_____
ROGER L. HUNT
Chief United States District Judge